# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANKIE LEVI COLE,<br><br>           Plaintiff,<br><br>vs.<br><br>ROSALYN COTTON, MICHAEL NIETO, B. NIEMAN, LT. TWOHIG, RYAN MANHKE, BRIANNA HUSMANN, PA. GILBRETH, DR. MORIN, DR. DEOL, SCOTT FRAKES, JUDGE DUANE DOUGHERTY, DCS APPEALS BOARD, and STATE OF NEBRASKA,<br><br>           Defendants. | 4:21CV3062<br><br>**MEMORANDUM AND ORDER** |

Plaintiff was a prisoner confined at the Community Corrections Center in Lincoln, Nebraska, when he filed his pro se Complaint (filing 1) on March 15, 2021. Plaintiff paid the required filing and administrative fees on March 31, 2020. Although Plaintiff has since been released from prison, his Complaint remains subject to initial review under 28 U.S.C. § 1915A for a determination of whether summary dismissal is appropriate. *See Stanko v. Sheridan Cnty.*, No. 8:20CV294, 2020 WL 6707360, at *1 (D. Neb. Nov. 13, 2020); *see also Mister v. Obadina*, No. 19-CV-00148-NJR, 2019 WL 1978343, at *1 n.2 (S.D. Ill. May 3, 2019) ("A Section 1915A review is triggered when the plaintiff is a prisoner at the time of filing the complaint, whether or not the plaintiff is subsequently released from prison.") (citing *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 669 n.1 (7th Cir. 2012)).

# I. SUMMARY OF COMPLAINT

Plaintiff's Complaint attempts to advance multiple claims against multiple defendants concerning seemingly unrelated events. As best the court can tell, those events are: (1) rescission of Plaintiff's parole status in February 2021 based on a misconduct report "prematurely written" after Plaintiff refused to submit to a mouth-swab drug test and without providing him an "opportunity to submit 'a confirmation urine sample drug test'" (filing 1 at CM/ECF pp. 2-10, 15); (2) an "illegal parole officer arrest without warrant" in 2018 (*id.* at CM/ECF pp. 6, 15); (3) prison conditions and the Covid-19 pandemic (*id.* at CM/ECF pp. 11-12); (4) discontinuation of a prescription drug and lack of medical treatment for back and joint pain (*id.* at CM/ECF pp. 12-14, 16); and (5) denial of access to the state courts related to Plaintiff's criminal convictions (*id.* at CM/ECF pp. 10-11, 16). Attached to the Complaint as exhibits are a copy of a 42 U.S.C. § 1983 complaint (filing 1-1) that appears to have been filed in another case in this court, which was dismissed without prejudice, *Cole v. Nieman, et.al*, 4:20CV3074 (D. Neb.); a petition for writ of habeas corpus filed in the state district court (filing 1-2); and a petition in error filed in the state district court (filing 1-3). The Complaint states that it "fully incorporates" the "factual pleadings" included in these exhibits. (Filing 1 at CM/ECF p. 1.) Plaintiff has also filed an affidavit, which mentions individuals not listed in the caption of the Complaint. (Filing 6.)

# II. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

While a plaintiff may join in one action as many claims as he has against a single defendant, *see* Fed. R. Civ. P. 18(a), "in actions where more than one defendant is named, such as the one at bar, the analysis under Rule 20 precedes that under Rule 18." *Houston v. Shoemaker*, No. 2:16-CV-36-CDP, 2017 WL 35699, at *2 (E.D. Mo. Jan. 4, 2017). Rule 20 provides in part: "Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or

fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed.). All "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). The events described in Plaintiff's Complaint are not "logically related," and thus the Complaint fails to comply with Rule 20(a)(2).

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g., Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Requiring pro se prisoners to adhere to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s], avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the PLRA's three strikes rule." *Evans v. Deacon*, No. 3:11-CV-00272-ST, 2016 WL 591758, at *7 (D. Or. Feb. 12, 2016) (quoting *George v. Smith*, 507 F3d 605, 607 (9th Cir. 2007)) (citations omitted). Unrelated claims involving different defendants belong in different suits. *George*, 507 F.3d at 607 (holding that state prisoner's § 1983 action asserting 50 claims against 24 defendants should have been brought as separate actions, since defendants did not participate in the same transaction or series of transactions, and question of fact was not common to all defendants).

"Misjoinder of parties is not a ground for dismissing an action," but the court on its own may "drop a party" or "sever any claim against a party" in order to eliminate the misjoinder. Fed. R. Civ. P. 21. Rather than dropping parties or severing claims on its own at this time, the court on its own motion will give Plaintiff an opportunity to file an amended complaint that complies with Rule 20(a)(2). Plaintiff

4

is warned that upon screening the amended complaint, the court will consider whether any unrelated claims should be severed. If Plaintiff's amended complaint sets forth unrelated claims, and the court decides severance is appropriate, **Plaintiff will be required to prosecute unrelated claims in separate actions, and he will be required to pay a separate filing fee for each separate action unless he is permitted to proceed in forma pauperis.**

The Federal Rules of Civil Procedure also require parties to formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (per curiam) (unpublished opinion) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775-76 (7th Cir. 1994)). "A litigant cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571,

2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

If Plaintiff files an amended complaint, he must comply with Rules 8 and 10. *See, e.g., Chandler v. Pogue,* 56 Fed. App'x 756 (8th Cir. 2003) (per curiam) (unpublished opinion) (holding district court did not abuse its discretion by dismissing pro se inmate's lengthy complaint for failure to comply with Rules 8 and 10). In addition, Plaintiff must identify personal involvement or responsibility by a named individual for the constitutional violations. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that prisoner must allege a defendant's personal involvement or responsibility for the constitutional violations to state a § 1983 claim); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."). Plaintiff should be mindful to identify the defendants and explain what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right Plaintiff believes the defendant violated.

## IV. PLAINTIFF'S MOTIONS

Since the filing of the Complaint, Plaintiff has placed two motions on file. These motions which are still pending will be denied:

[Filing 5](), motion for injunctive relief. Plaintiff requests an injunction

> prohibiting the defendants or their agents from continuing to enforce any law-based acts or omissions having the effect of causing Plaintiff's "imposed prison sentence" or "calculated term of prison confinement" to be illegal or void in violation of the U.S. Constitution, as needed to remedy those related constitutional abuses addressed in the "Relief Requested" section of the instant case . . . .

([Filing 5]().)

6

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's request. In *Dataphase*, the Eighth Circuit clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *Id.* at 114. Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987).

Here, Plaintiff has alleged no facts demonstrating that he faces a threat of irreparable harm, but rather he only describes the relief he seeks. Accordingly, Plaintiff's Motion for Injunctive Relief will be denied.

[Filing 7](#), request for summonses. No further proceedings will take place in this case unless and until Plaintiff files an amended complaint in accordance with this Memorandum and Order. If Plaintiff files an amended complaint, the court will review it to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915A. This matter may not proceed to service of process unless so ordered by the court after conducting this review.

## V. CONCLUSION

The claims alleged in Plaintiff's Complaint are improperly joined. However, the court on its own motion will give Plaintiff 30 days in which to file an amended complaint. Plaintiff is strongly encouraged to use the standardized form which will be provided to him. Plaintiff's pending motions will be denied for the reasons stated above.

IT IS THEREFORE ORDERED:

1.  Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must comply with federal pleading requirements.

2.  In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint ([Filing 1](Filing 1)) or any supplements ([Filing 6](Filing 6)) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.  The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A in the event he files an amended complaint.

4.  The Clerk of the Court is directed to send Plaintiff a form Pro Se 1, "Complaint in a Civil Case," for Plaintiff's use in preparing an amended complaint.

5.  The Clerk of the Court is directed to set a pro se case management deadline using the following text: **June 28, 2021**: amended complaint due.

6.  Plaintiff's pending motions ([Filings 5](Filings 5) & [7](7)) are denied.

7.  Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 28th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge